IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:15-CR-3079 |
| vs. | MEMORANDUM AND ORDER |
| DARRELL W. JENKINS, | |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 89) filed by the defendant, Darrell Jenkins. The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States,* 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily

dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); *see also Sinisterra*, 600 F.3d at 906.

## BACKGROUND

The defendant was convicted pursuant to a guilty plea of receipt of child pornography with a previous conviction, in violation of 18 U.S.C. § 2252A(a)(2). Filing 31; filing 52. He entered into a binding Fed. R. Crim. P. 11(c)(1)(C) plea agreement providing for a sentence of 204 months' imprisonment. Filing 31 at 3. He was sentenced in accordance with the plea. Filing 52.

## DISCUSSION

To begin with, the defendant's motion is untimely. A § 2255 motion must be filed within 1 year from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). The Court entered its judgment of conviction (filing 52) on June 28, 2016, and the 14-day period for taking an appeal ran on July 12, 2016. Fed. R. App. P. 4(b)(1)(A)(i). Thus, the defendant's conviction became final the next day, and the 1-year limitation period from the judgment of conviction expired on July 13, 2017. *See United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005); *United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003); *see also Haroutunian v. I.N.S.*, 87 F.3d 374, 377 (9th Cir. 1996). The defendant's motion is nearly 4 years late.

It is true that, among other things, the limitation period could run from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f). But what the defendant is complaining about is the presentence report, and nothing in

his motion explains why he couldn't have discovered what was in the presence report at the time of sentencing.

It's also true that the statute of limitations set forth in § 2255 is not jurisdictional, *Moore v. United States,* 173 F.3d 1131, 1134-35 (8th Cir. 1999), and may be equitably tolled where extraordinary circumstances beyond a prisoner's control prevent timely filing. *Martin,* 408 F.3d at 1093. But equitable tolling will only apply where the movant has demonstrated diligence in pursuing the matter. *Id.* at 1095. While the defendant makes several assertions about why he had difficulty filing his motion, nothing he claims explains why it took as long as it did. *See* filing 89 at 3-4; filing 91 at 2. Due diligence does not require repeated exercises in futility or exhaustion of every imaginable option, but it does require reasonable efforts. *Ingram v. United States,* 932 F.3d 1084, 1090 (8th Cir.), *cert. denied,* 140 S. Ct. 610 (2019). The defendant hasn't demonstrated them here.

But even if the motion was timely, it would be without merit. The defendant claims his counsel was ineffective[1] in failing to challenge the inclusion in his criminal history of a 1994 conviction for aggravated assault with a deadly weapon, which the defendant claims was beyond the 15-year lookback period for his criminal history calculation under the Guidelines. Filing 89 at 2. But as the Court has previously explained, the record establishes that he commenced the instance offense less than 15 years after being released from prison on the 1994 conviction, so it was properly counted. Filing 94. In addition, the defendant was sentenced pursuant to a Rule 11(c)(1)(C) plea

---

[1] The Court has interpreted the motion charitably as presenting a claim of ineffective assistance of counsel in not raising the issue with the presentence report on which the defendant relies.

- 3 -

agreement, so even if his criminal history had been incorrectly calculated, he wasn't prejudiced by it.

To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke*, 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

The defendant has also moved for leave to proceed in forma pauperis. Filing 90; filing 92. Those motions will be denied as moot, because there is no fee for filing a § 2255 motion. *See* Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 3 advisory committee's note.

IT IS ORDERED:

1.   The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 89) is denied.

2.   The defendant's motions for leave to proceed in forma pauperis (filing 90 and filing 92) are denied as moot.

3.   The Court will not issue a certificate of appealability in this matter.

4.   A separate judgment will be entered.

5.   The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 4th day of March, 2021.

BY THE COURT:

John M. Gerrard
Chief United States District Judge

- 5 -